| United States Bankruptcy Court<br>District of New Jersey | | |
|---|---|---|
| By: Michael I. Assad (#330937)<br>Law Office of Mike Assad, P.C.<br>923 Haddonfield Road, Suite 336<br>Cherry Hill, NJ 08002<br>609-808-3300<br>mike@mikeassad.law<br>*Attorney for Plaintiff* | | |
| In re: Shontell Sharie Meredith,<br>*Debtor.* | Case No.: | 26-22523-JNP |
| Shontell Sharie Meredith,<br>*Plaintiff*,<br>v.<br>South Jersey Gas Company,<br>*Defendant.* | Chapter:<br>Adv. No.:<br>Judge: | 7<br>26-01621-JNP<br>Jerrold N. Poslusny, Jr. |

**Application for Order to Show Cause Why a Preliminary Injunction Should Not Issue Compelling South Jersey Gas Company to Restore Gas Service, with Temporary Restraints**

Plaintiff Shontell Sharie Meredith, through her attorney, applies under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 7065, and D.N.J. LBR 7065-1 for an order to show cause why a preliminary injunction should not issue compelling Defendant South Jersey Gas Company ("SJG") to restore gas service to her residence at 16 Desmond Run, Sicklerville, New Jersey 08081 (the "Residence"), with temporary restraints requiring restoration pending the hearing. The application rests on the Verified Complaint (the "V.C.") and the following grounds:

1. The Plaintiff commenced the underlying chapter 7 case on November 3, 2026, and filed the Verified Complaint on November 8, 2026.

2. The allegations of the Verified Complaint are incorporated by reference.

3. Because the Plaintiff is a debtor in this bankruptcy case, no security is required. Fed. R. Bankr. P. 7065.

4. The Plaintiff is likely to succeed on the merits. Under 11 U.S.C. § 366(a), a utility may not refuse service to a debtor solely because of the bankruptcy or an unpaid prepetition bill, and under 11 U.S.C. § 366(b) it may refuse only if the debtor fails to furnish adequate assurance of payment within twenty days after the order for relief. SJG shut off service before the petition, the Plaintiff asked for restoration on the petition date, and SJG has given no reason for refusing other than its review of the bankruptcy. V.C. ¶ 11. V.C. ¶¶ 17–24. V.C. ¶¶ 39–45. The twenty-day period runs through November 23, 2026, and the Plaintiff has offered adequate assurance within it: a deposit equal to one month's average charge, payable over ninety days. V.C. ¶¶ 47–48.

5. The Plaintiff is also likely to succeed on her stay claim. With notice of the case, SJG told the Plaintiff on three occasions that service would stay off pending review by its bankruptcy and collections departments, leaving her the choice of paying the prepetition balance or going without heat. The result of those acts is coercive: the Plaintiff must pay the Pre-Petition Claim or remain without service. Acts whose result is to compel payment of a prepetition claim are acts to collect it under 11 U.S.C. § 362(a)(6). V.C. ¶¶ 94–101.

6. The harm is immediate and irreparable. The Residence has had no heat, hot water, or working clothes dryer since the shutoff. The Plaintiff's two young children live there; one has a medical condition that requires frequent baths, which she now draws from pots boiled on the stove. The family sleeps in one room with a space heater, and colder weather is forecast. No later award of money can restore those days. V.C. ¶¶ 49–62.

7. A motion on regular notice cannot be heard for twenty-one days, D.N.J. LBR 9013-2(a)(1), which is past the end of the 11 U.S.C. § 366(b) period and three more weeks into the heating season. For that reason a procedure other than by notice of motion is necessary. D.N.J. LBR 7065-1.

8. The equities and the public interest favor relief. The temporary restraints require SJG only to do what 11 U.S.C. § 366 already requires, and they preserve SJG's right to payment for post-petition service and to adequate assurance. The Plaintiff has offered access to the Residence at any hour for any inspection SJG needs. V.C. ¶ 46. The New Jersey Board of Public Utilities requires restoration within twelve hours once the conditions for restoration are met. N.J.A.C. 14:3-3A.9(a).

9. No prior application for the relief sought here has been made to this Court or any other court.

**FOR THOSE REASONS**, the Plaintiff requests that the Court enter the proposed Order to Show Cause and grant such other and further relief in her favor as may be necessary and proper under the law.

Date: November 8, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Plaintiff*

By: /s/ Michael I. Assad
Michael I. Assad