| United States Bankruptcy Court<br>District of New Jersey | | |
|---|---|---|
| By: Michael I. Assad (#330937)<br>Law Office of Mike Assad, P.C.<br>923 Haddonfield Road, Suite 336<br>Cherry Hill, NJ 08002<br>609-808-3300<br>mike@mikeassad.law<br>*Attorney for Plaintiff/Debtor* | | |
| In re: Shontell Sharie Meredith,<br>*Debtor*. | Case No.: | 26-22523-JNP |
| Shontell Sharie Meredith,<br>*Plaintiff*,<br>v.<br>South Jersey Gas Company,<br>*Defendant*. | Chapter: | 7 |
| | Adv. No.: | 26-01621-JNP |
| | Judge: | Jerrold N. Poslusny, Jr. |

**Order to Show Cause Why a Preliminary Injunction Should Not Issue Compelling South Jersey Gas Company to Restore Gas Service, with Temporary Restraints**

The relief set forth on the following pages numbered (2) through (3) is hereby **ORDERED**.

---

**THIS MATTER** having been opened to the Court by Michael I. Assad, attorney for Plaintiff Shontell Sharie Meredith, on an application for an order to show cause with temporary restraints under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065; and the Court having considered the Verified Complaint; and it appearing that immediate and irreparable injury may result to the Plaintiff before Defendant South Jersey Gas Company ("SJG") can be heard in opposition; and for good cause shown; it is hereby **ORDERED** that:

1. SJG must appear before this Court on ______________, 2026, at __________, in Courtroom 4C, United States Bankruptcy Court, Mitchell H. Cohen U.S. Courthouse, 400 Cooper Street, Camden, NJ 08101, to show cause why a preliminary injunction should not issue pending final judgment in this adversary proceeding directing SJG to restore gas service to the Plaintiff’s residence at 16 Desmond Run, Sicklerville, New Jersey 08081 (the "Residence") without requiring payment of any prepetition charge or any deposit.

2. This Order constitutes original process in this adversary proceeding in lieu of a summons.

3. Pending the hearing on this Order, SJG must restore gas service to the Residence within twenty-four hours after service of this Order.

4. If SJG requires access to the Residence to restore service, SJG must contact the Plaintiff’s attorney within six hours after service of this Order to arrange it, and the Plaintiff must provide access at any hour SJG reasonably requests.

5. SJG must not condition restoration on payment of any prepetition charge or any deposit.

6. Nothing in this Order affects SJG’s right to adequate assurance of payment under 11 U.S.C. § 366(b), which the Court will address at the hearing.

7. The Plaintiff must serve this Order, the Verified Complaint, and all supporting papers on SJG by overnight courier and by email within one day after the entry of this Order.

---

8. SJG's objection, if any, must be filed and served on or before ______________, 2026.

9. No security is required under Fed. R. Bankr. P. 7065.

10. If SJG does not file an objection, the Order will be decided on the papers after the return date and the relief above will be granted by default, provided that the Plaintiff files proof of service and a proposed form of order.

###